NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEQIN DONG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 14-70169<br><br>Agency No. A087-848-285<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Keqin Dong, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Dong's challenge to the IJ's admission of the Assessment to Refer into evidence and his contention that he was not afforded an opportunity to explain the inconsistency between his testimony and the Assessment to Refer because he failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's adverse credibility determination based on Dong's internally inconsistent testimony as to whether he paid a friend the equivalent of several thousand dollars to assist him in obtaining a visa, as well as his statement that he could not remember whether he made such a payment. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Further, Dong raises no challenge to the BIA's determination that he failed to corroborate his claim adequately. Thus, we deny

the petition as to his asylum and withholding of removal claims.

Finally, Dong's CAT claim fails because it is based on the same testimony the agency found not credible, and Dong does not point to any other evidence in the record that compels the conclusion that it is more likely than not that he would be tortured by or with the consent or acquiescence of a public official in China. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**